1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7
8 | VERONICA SCHULTZ,                    CASE NO. CV F 13-1244 LJO MJS

9 |                Plaintiff,        **ORDER ON DEFENDANT STORIE'S**

**F.R.Civ.P. 12(c) MOTION**
10
(Doc. 7.)
11
12 |     vs.
13
14 | STERICYLCE, INC., et al.,
15

              Defendants.
16

_____/
17
### <u>PRELIMINARY STATEMENT TO THE PARTIES AND COUNSEL</u>
18
19        Judges in the Eastern District of California carry the heaviest caseload in the nation,

20 and this Court is unable to devote inordinate time and resources to individual cases and

21 matters.  This Court cannot address all arguments, evidence and matters raised by parties and

22 addresses only the arguments, evidence and matters necessary to reach the decision in this

23 order given the shortage of district judges and staff.  The parties and counsel are encouraged to

24 contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's

25 inability to accommodate the parties and this action.  The parties are required to consider, and

26 if necessary, to reconsider consent to one of the Court's U.S. Magistrate Judges to conduct all

27 further proceedings in that the Magistrate Judges' availability is far more realistic and

28 accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must

prioritize criminal and older civil cases.  A Magistrate Judge consent form is available on this

Court's website.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. If a trial trails, it may proceed with little advance notice, and the parties and counsel may be expected to proceed to trial with less than 24 hours notice. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California. Case management difficulties, including trial setting and interruption, are avoided if the parties consent to conduct of further proceedings by a U.S. Magistrate Judge.

## INTRODUCTION

Defendant Mike Storie ("Mr. Storie") seeks to dismiss under F.R.Civ.P. 12(c) plaintiff Veronica Schultz' ("Ms. Schultz'") employment harassment and related claims as lacking sufficient facts. Ms. Schultz responds that she has sufficiently pled her harassment claim against Mr. Storie and at a minimum is entitled to amend her harassment claim. This Court considered Mr. Storie's F.R.Civ.P. 12(c) motion for judgment on the pleadings on the record without a hearing. *See* Local Rule 230(g). For the reasons discussed below, this Court DISMISSES the claims against Mr. Storie.

## BACKGROUND[1]

## Ms. Schultz' Injury, Harassment And Termination

On June 24, 2011, Ms. Schultz fractured her tailbone within the course of her employment with defendant Stericycle, Inc. ("Stericycle") and was unable to work. On August 2, 2011, Ms. Schultz was released to work despite her severe pain and on the next day "was medically excused from work."

During Ms. Schultz' leave, Stericycle and Mr. Storie[2] "harassed Plaintiff about her

---

[1] The factual recitation summarizes generally Ms. Schultz' Complaint for Damages ("complaint").

2

inability to work and ordered Plaintiff to report for work to a temporary employment agency, which had ostensibly arranged for Plaintiff to work for a store." Despite her pain, Ms. Schultz complied but was told by the store that it had no knowledge of Ms. Schultz' work arrangement and had no available work for her.

During Ms. Schultz' leave on August 4, 2011, "Defendant" ordered Ms. Schultz to attend a meeting with "Defendants,[3] in which Defendants advised Plaintiff that she had been banned by one of Defendant's clients" and would be barred from its premises. On August 9, 2011, the client advised Ms. Schultz that "Defendant's representations were false and that no such prohibition against her being on the premises existed."

On August 16, 2011, Ms. Schultz told Mr. Storie "that she was still in pain, unable to work without restrictions, and was taking medication for pain with side effects that would limit her ability to work." On August 17, 2011, Ms. Schultz supplied "Defendant" with a medical note that Ms. Schultz required additional leave.

On August 31, 2011, "Defendant" advised Ms. Schultz that she had no available Family Medical Leave Act leave and that if she did not return to work by September 7, 2011, she would be terminated. Ms. Schultz "remained medically unable to work without restriction or reasonable accommodation at this time."

On September 7, 2011, "Defendant" terminated Ms. Schultz' employment.

### Ms. Schultz' Claims

The complaint alleges:

1.     A (first) employment discrimination claim under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code, §§ 12900, et seq., that "Defendants," including Mr. Storie and DOES, engaged in unlawful medical discrimination to subject Ms. Schultz "to unwelcome medical discrimination and harassment, including a hostile

---

[2]     Neither the complaint nor record specifies Mr. Storie's position with Stericycle.

[3]     The complaint fails to define "Defendant" which presumably refers to Stericycle and fails to define "Defendants" which presumably refers to Stericycle and Mr. Storie, the only named defendants. The complaint deems "Defendants, and each of them" to mean "the acts of Defendants or DOES acting individually, jointly and/or severally."

3

work environment" and "culminating in Plaintiff's wrongful termination";

2.      A (second) wrongful termination in violation of public policy claim against "Entity Defendants Only" that Ms. Schultz was wrongfully terminated due to her serious medical condition, requesting an accommodation and leave, and reporting harassment to violate public policy;

3.      A (third) intentional infliction of emotional distress claim that "Defendants" failed to protect Ms. Schultz from continuing discrimination, hostile work environment, and other offensive conduct and terminated and retaliated against Ms. Schultz for reporting discrimination, harassment and hostile work environment to cause her severe emotional distress; and

4.      A (fourth) negligent supervision claim that "Defendants, and each of them, negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline and/or penalize such [wrongful] conduct, acts, and failures to act or otherwise to protect Plaintiff."

Prior to removal to this Court, Stericycle and Mr. Storie filed answers to the complaint.

## DISCUSSION

### F.R.Civ.P. 12(c) Motion For Judgment On Pleading Standards

Mr. Storie faults the complaint's failure to indicate how the complaint's claims apply to him given that the complaint "is misleading and vague regarding his role in her alleged harassment."

F.R.Civ.P. 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."  "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law."  *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003).  A "judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law."  *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993).

"A judgment on the pleadings is a decision on the merits."  *3550 Stevens Creek Associates v. Barclays Bank of California*, 915 F.2d 1355, 1356 (9th Cir. 1990), *cert. denied*,

500 U.S. 917, 111 S.Ct. 2014 (1991). A F.R.Civ.P. 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). "[A]ll allegations of fact of the opposing party are accepted as true." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967).

"A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6)." *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1154-1155 (E.D. Cal. 2006). F.R.Civ.P. 12(c) analysis is "substantially identical" to analysis under F.R.Civ.P. 12(b)(6) because, under both rules a court determines whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy. *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012).

A motion for judgment on the pleadings may be granted if, after assessing the complaint and matters for which judicial notice is proper, it appears "beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief." *Morgan v. County of Yolo*, 436 F.Supp.2d 1152, 1155 (E.D. Cal. 2006), *aff'd*,277 Fed.Appx. 734 (9th Cir. 2008).

Similarly, on a F.R.Civ.P. 12(b)(6) motion to dismiss, a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A "court considering a motion to dismiss can begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements

of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

With these standards in mind, this Court turns to Mr. Storie's challenges to the complaint.

## **Inadequacy In General**

Mr. Storie contends that he is subject to no liability under the complaint given its limited allegations that when Mr. Storie assigned Ms. Schultz to a temporary employment agency, the agency had no work and that Ms. Schultz advised Mr. Storie that she continued to experience pain, was unable to work without restrictions, and experienced side effects from medication.  Mr. Storie faults the complaint's failure to specify how and which claims such allegations support.  Mr. Storie challenges the complaint's apparent attempt to lump him into the complaint's references to "Defendant" or "Defendants" given the ambiguity of such undefined terms.

A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988).  "Specific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently."  *Van Dyke Ford, Inc. v. Ford Motor Co.,* 399 F.Supp. 277, 284 (D. Wis. 1975).

Mr. Storie raises valid challenges to the complaint's claims against him, and Ms. Schultz offers little meaningful opposition.  The complaint's references to "Defendant" or "Defendants"

cause confusion as to which allegations apply to Mr. Storie.  Ms. Schultz attempts to take refuge in her request to allege an amended harassment claim.  As discussed below, and out of an abundance of caution, Ms. Schultz will be permitted to amend as to Mr. Storie her harassment claim only.

## FEHA Harassment

Mr. Storie argues that the complaint lacks sufficient facts that he engaged in harassment subject to FEHA liability.

California Government Code section 12940(j)(1) renders unlawful "[f]or an employer . . . or any other person because of . . . physical disability, mental disability, medical condition . . . to harass an employee . . .  Harassment of an employee . . .  by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action. . . . An entity shall take all reasonable steps to prevent harassment from occurring."

"To prevail on a hostile work environment claim under California's FEHA, an employee must show that the harassing conduct was 'severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees . . . .'"  *Hughes v. Pair*, 46 Cal.4th 1035, 1043, 209 P.3d 963 (2009) (quoting *Miller v. Department of Corrections*, 36 Cal.4th 446, 462, 115 P.3d 77 (2005)); *see Meritor Savings v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399 (1986) (harassment must be sufficiently severe and pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment"); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 608, 262 Cal.Rptr. 842 (1989).  Not all workplace conduct which may be described as harassment affects a term, condition, or privilege of employment.  *Meritor Savings*, 477 U.S. at 67, 106 S.Ct. 2399 (addressing sexual harassment claims under Title VII);[4] *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129-130, 87 Cal.Rptr.2d 132,

---

[4]     Federal and California courts rely on federal interpretations of Title VII to interpret analogous FEHA provisions which prohibit unlawful discrimination.  *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996); *Clark v. Claremont Univ. Ctr. & Graduate Sch.*, 6 Cal.App.4th 639, 662, 8 Cal.Rptr.2d 151 (1992).

138 (1999), *cert. denied*, 529 U.S. 1138, 120 S.Ct. 2029 (2000).

"[H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives. Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Reno v. Baird*, 18 Cal.4th 640, 646-647, 76 Cal.Rptr.2d 499 (1998).

"The plaintiff must prove that the defendant's conduct would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee and that she was actually offended." *Fisher*, 214 Cal.App.3d at 609-610, 262 Cal.Rptr. 842.   If the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment, and there is no actionable harassment.  *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21-22, 114 S.Ct. 367, 370-371 (1993).

"Harassment cannot be occasional, isolated, sporadic, or trivial[;] rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature." *Fisher*, 214 Cal.App.3d at 610, 262 Cal.Rptr. 842.   A plaintiff must prove more than a few isolated incidents.  *See Gilbert v. City of Little Rock*, 722 F.2d 1390, 1394 (8th Cir. 1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347 (1984); *Snell v. Suffolk County*, 782 F.2d 1094, 1103 (2nd Cir. 1986).  "When the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, the law is violated." *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal.App.4th 397, 409, 27 Cal.Rptr.2d 457 (1994) (internal quotations and citations omitted).

The Ninth Circuit uses "a totality of the circumstances test to determine whether a plaintiff's allegations make out a colorable claim of hostile work environment." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000).   Factors considered include frequency, severity and level of interference with work performance and whether discriminatory conduct is physically threatening or humiliating or a mere offensive utterance.  *Faragher v. City of*

*Boca Raton*, 524 U.S. 775, 787-788, 118 S.Ct. 2275 (1998); *Brooks*, 229 F.3d at 924 (citing

*Harris*, 510 U.S. at 23, 114 S.Ct. 367); *Lappin v. Laidlaw Transit, Inc.*, 179 F.Supp.2d 1111

(N.D. Cal. 2001).

Mr. Storie characterizes as insufficient the complaint's allegations of this alleged

harassment.  Mr. Storie points to the complaint's absence of facts of pervasive, concerted or

severe actions to substantiate harassment.  Mr. Storie further notes that allegations as to job

assignment and receipt of information address the scope of Ms. Schultz' job duties and

personnel management to fail to support alleged harassment.

Unlike other forms of discrimination, harassment or "hostile work environment" claims

concern actions "outside the scope of job duties which are not of a type necessary to business

and personnel management."  *Velente-Hook v. Eastern Plumas Health Care*, 368 F.Supp.2d

1084, 1102-1103 (E.D. Cal. 2005). "Personnel management actions commonly necessary to

carry out the duties of business and personnel management, and thus outside the purview of

harassment, include hiring and firing, job or project assignments, office or work station

assignments, promotion or demotion, performance evaluations, the provision of support, the

assignment or nonassignment of supervisory functions and decisions regarding meetings.

*Velente-Hook,* 368 F.Supp.2d at1103 (internal quotations, citations and editing omitted).

To support the harassment claim against Mr. Storie, Ms. Schultz points to complaint

allegations that:

1.      Mr. Storie knew that Ms. Schultz had been injured at work to require medical

leave;

2.      Ms. Schultz complied with Mr. Storie's order to work for another business

through a temporary employment agency and was told that there was no available work and

that the business had not been contacted by the temporary employment agency; and

3.      When on medical leave, Ms. Schultz was ordered to attend a meeting in which

she falsely advised that she had been banned by a client and would be barred from the client's

premises.

Ms. Schultz characterizes such allegations to reflect that Mr. Storie "deliberately disregarded

her medical leave" and "treated her as an indentured servant whose labor could be loaned out to whomever he chose despite her medical condition."  Ms. Schultz offers that client premises banning allegations "may be amended to more clearly detail" Mr. Storie's "involvement in this episode."   Ms. Schultz adds that Mr. Storie attended her deposition in her workers' compensation case "to intimidate and harass her further."

Considering as true the complaint's limited allegations against Mr. Storie, they fail to satisfy grounds for a harassment claim.  Moreover, the new allegation of attending Ms. Schultz' deposition offers nothing in that the deposition sessions occurred after Ms. Schultz had been terminated.  Ms. Schultz appears to concede the absence of sufficient facts for a harassment claim in that she requests leave to amend.  Although Ms. Schultz offers little to enhance her harassment claim against Mr. Storie, this Court grants her leave to amend the claim against Mr. Storie in an abundance of caution.

### Intentional Infliction Of Emotional Distress

Mr. Storie faults the complaint's failure to identify his specific "outrageous" conduct or intent or reckless disregard of probability to cause Ms. Schultz emotional distress to support the intentional infliction of emotional distress ("IIED") claim.

### *Elements*

The elements of an IIED claim are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress.  *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110 (1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989)*;Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987); *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991).[5]

---

[5]      Other California courts have identified the elements as "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal.App.4th 488, 494, 76

1

2                                    *Outrageous Conduct*

3          The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that

4   usually tolerated in a civilized community."  *Davidson v. City of Westminister*, 32 Cal.3d 197,

5   209, 185 Cal.Rptr. 252 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 156

6   Cal.Rptr.198 (1979)).   Conduct is extreme and outrageous when it is of a nature which is

7   especially calculated to cause, and does cause, mental distress.  Liability does not extend to

8   mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.  *Fisher v.*

9   *San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

10         "Whether a defendant's conduct can reasonably be found to be outrageous is a question

11  of law that must initially be determined by the court; if reasonable persons may differ, it is for

12  the jury to determine whether the conduct was, in fact, outrageous."  *Berkley v. Dowds,* 152

13  Cal.App.4th 518, 534, 61 Cal.Rptr.3d 304 (2007).  There is no bright line standard for judging

14  outrageous conduct, and a  case-by-case appraisal of conduct is required.  *Cochran v. Cochran*,

15  65 Cal.App.4th 488, 494, 76 Cal.Rptr.2d 540 (1998).

16         Mr. Storie criticizes as insufficient the complaint's mere allegations that defendants'

17  conduct was outrageous with no supporting facts. Without pleading facts of defendants'

18  outrageous conduct, "no cause of action for intentional infliction of emotional distress will

19  stand."  *Ankeny v. Lockheed Missiles and Space Co.*, 88 Cal.App.3d 531, 536, 151 Cal.Rptr.

20  828 (1979).  Mr. Storie argues that the IIED claim is doomed with no facts of his extreme or

21  outrageous conduct.

22         Ms. Schultz offers no meaningful points to support Mr. Storie's outrageous conduct.

23  This Court construes the absence of such support as her concession that she lacks facts of his

24  outrageous conduct.

25  / / /

26  / / /

27

28  Cal.Rptr.2d 540 (1998) (citing *KOVR-TV, Inc. v. Superior Court*, 31 Cal.App.4th 1023, 1028, 37 Cal.Rptr.2d 431
    (1995)).

                                              11

***Intentional Or Reckless Conduct***

Mr. Storie further challenges the complaint's absence of facts that he acted with intention to cause, or with reckless disregard of the probability to cause, emotional distress.

To support an IIED claim, the conduct must be more than "intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." *Christensen v. Superior Court*, 54 Cal.3d 868, 903, 2 Cal.Rptr.2d 79 (1991). The defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 1001, 25 Cal.Rptr.2d 550 (1993). The California Supreme Court has further explained:

> "The law limits claims of intentional infliction of emotional distress to egregious conduct toward plaintiff proximately caused by defendant." . . . The only exception to this rule is that recognized when the defendant is aware, but acts with reckless disregard, of the plaintiff and the probability that his or her conduct will cause severe emotional distress to that plaintiff. . . . Where reckless disregard of the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the time the outrageous conduct occurs is recognized as the element establishing a higher degree of culpability which, in turn, justifies recovery of greater damages by a broader group of plaintiffs than allowed on a negligent infliction of emotional distress theory. . . .

*Christensen*, 54 Cal.3d at 905-906, 2 Cal.Rptr.2d 79 (citations omitted.)

As to Mr. Storie, the complaint fails to allege outrageous conduct with intention to cause or reckless disregard to cause severe emotional distress.

"Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80, 53 Cal.Rptr.2d 741 (1996). The complaint lacks facts to support necessary IIED elements.

/ / /

*Severe Emotional Distress*

The IIED claim is further susceptible given the absence of alleged facts that Ms. Schultz suffered severe emotional distress.

"With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar."  *Hughes v. Pair*, 46 Cal.4th 1035, 1051, 209 P.3d 963 (2009). "Severe emotional distress means 'emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it.'" *Potter*, 6 Cal.4th at 1004, 25 Cal.Rptr.2d 550.  "'[S]evere emotional distress' means highly unpleasant mental suffering or anguish 'from socially unacceptable conduct' . . . , which entails such intense, enduring and nontrivial emotional distress that 'no reasonable [person] in a civilized society should be expected to endure it.'"  *Schild v. Rubin*, 232 Cal.App.3d 755, 762-763, 283 Cal.Rptr. 533 (1991) (citations omitted).

"Every employee who believes he has a legitimate grievance will doubtless have some emotional anguish occasioned by his belief that he has been wronged."  *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir.), *cert. denied*, 439 U.S. 930, 99 S.Ct. 318 (1978).

The complaint raises inferences that Ms. Schultz suffered no more than anguish corresponding to her belief that she was wronged.  The IIED claim makes sweeping references to "pain and suffering, extreme and severe mental anguish, and emotional distress" with no facts to support such symptoms or conditions.  The complaint lacks facts to support severe emotional distress.

Given failure of factual and legal support for the IIED claim, it is dismissed with prejudice.

## Negligent Supervision

Mr. Storie faults the negligent supervision claim with the complaint's absence of facts to identify specific individuals whom Mr. Storie "allegedly supervised in a negligent matter or how he was negligent in his supervision."

In *Mendoza v. City of Los Angeles,* 66 Cal.App.4th 1333, 1339-1340, 78 Cal.Rptr.2d 525 (1998), the California Court of Appeal addressed the rationale of a negligent hiring/supervision claim:

13

Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship.

Similar to the IIED claim, the complaint lacks sufficient facts or inferences to support a negligent supervision claim against Mr. Storie.  Ms. Schultz offers no law or facts to support the claim against Mr. Storie.  This Court construes Ms. Schultz' failure to support the claim as her concession that she a lacks a valid negligent supervision claim against Mr. Storie to warrant dismissal of the claim against him with prejudice.

## <u>CONCLUSION AND ORDER</u>

For the reasons discussed above, this Court:

1.     DISMISSES with leave to amend the complaint's (first) FEHA harassment claim against Mr. Storie;

2.     DISMISSES with prejudice the complaint's (third) IIED and (fourth) negligent supervision claims against Mr. Storie;

3.     ORDERS Ms. Schultz, no later than September 23, 2013, to file and serve either: (a) papers to dismiss this action against Mr. Storie; or (b) an amended complaint which amends only the (first) harassment claim as to only Mr. Storie.  Without this Court's order, Ms. Schultz is prohibited to allege claims dismissed with prejudice and to add claims not alleged in the complaint.  If Ms. Schultz elects to amend the (first) harassment claim against Mr. Storie, Ms. Schultz is admonished to pursue only such claim based on sufficient supporting facts and law; and

4.     ORDERS Mr. Storie, no later than October 14, 2013, to file and serve a response to plaintiffs' amended complaint, if filed.


IT IS SO ORDERED.

Dated:   __**September 4, 2013**__              ____**/s/ Lawrence J. O'Neill**____

                                                          UNITED STATES DISTRICT JUDGE